UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| JAMES DEAN, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 1:14:-cv-00183 |
| v. | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| TWITTER, INC.; and JOHN DOE | ) | |
| DEFENDANTS 1-5 COMPANY, | ) | |
| | ) | |
| Defendants. | ) | |

## NOTICE OF REMOVAL

This is the Notice of Removal filed by Defendant Twitter, Inc. ("Twitter") pursuant to 28 U.S.C. §§ 1331, 1332, 1367, 1441 and 1446, to remove the lawsuit captioned as *James Dean, Inc. v. Twitter, Inc. and John Doe Defendants 1-5 Company*, Case No. 29D01-1213-CC-12060, from the Superior Court of the County of Hamilton, Indiana, to the United States District Court for the Southern District of Indiana, Indianapolis Division. As grounds for removing this action, Twitter states:

## BACKGROUND

1. On or about December 31, 2013, Plaintiff James Dean, Inc. ("Plaintiff") filed a Complaint against Twitter, as well as the fictitious persons, John Doe Defendants 1-5 Company, in the Superior Court of the County of Hamilton, Indiana. This action was assigned Case No. 29D01-1213-CC-12060. A true and accurate copy of the Complaint and summons served upon Twitter is attached hereto as Exhibit A. Copies of all other pleadings and orders in the state court action are also included in Exhibit A.

2. Defendant's registered agent was served with a summons and a copy of the Complaint by certified mail on January 8, 2014.

3.     In the Complaint, Plaintiff alleges it is the exclusive owner of the name, likeness, voice, right of publicity and endorsement, worldwide trademarks, copyrights, and other intellectual property including but not limited to visual and aural depictions, artifacts, memorabilia, and life-story rights, and / or trade dress of the late internationally recognized movie start, James Dean.  *See* Complaint at ¶ 5.

4.     Plaintiff further alleges that Twitter has allowed the registration and operation of a Twitter account, using the handle @JamesDean, located at https://twitter.com/JamesDean, which is in violation of Plaintiff's rights.  *See id.* at ¶¶ 10–15.

5.     Plaintiff asserts nine causes of action against Twitter:  Count I – Trademark Infringement Under Section 32(1) or 3(A) of the Lanham Act; Count II – False Endorsement Under Lanham Act § 43(A); Count III – Indiana State Statutory Right of Publicity; Count IV – Common Law Right of Publicity; Count V – Common Law Unfair Competition; Count VI – Unjust Enrichment; Count VII – Conversion; Count VIII – Deception; and Count IX – Indiana Crime Victims' Act.

6.     For relief, Plaintiff seeks damages, including treble damages, costs, and attorney's fees as set out in the Indiana Right of Publicity Statute, Lanham Act, Indiana Statute, and other applicable statutes.  *See* Complaint at 12 (Prayer for Relief).   In addition, Plaintiff seeks injunctive relief.  *Id.*

7.     Based upon the allegations of the Complaint and for the reasons discussed below, Twitter timely removes this action pursuant to 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1332 (diversity of citizenship).

8. Defendants "John Doe Defendants 1-5 Company" are not required to join in or consent to the removal of this action because they have been sued under fictitious names and thus have not be properly joined and served in this action. *See* 28 U.S.C. § 1446(b)(2)(A).

## FEDERAL-QUESTION JURISDICTION

9. This action may be removed pursuant to 28 U.S.C. § 1441(b) if it is one "of which the district courts have original jurisdiction."

10. This Court has original jurisdiction over Count I (Trademark Infringement) of Plaintiff's Complaint, pursuant to 28 U.S.C. § 1331, because it is a cause of action arising under the laws of the United States, namely the Lanham (Trademark) Act, 15 U.S.C. §§ 1114(1) and 1125(a). *See* Complaint at ¶ 17.

11. This Court has original jurisdiction over Count II (False Endorsement) of Plaintiff's Complaint, pursuant to 28 U.S.C. § 1331, because it is a cause of action arising under the laws of the United States, namely the Lanham (Trademark) Act, 15 U.S.C. § 1125(a). *See* Complaint at ¶ 25.

12. This Court has supplemental jurisdiction over Counts III, IV, V, VI, VII, VIII and IX of the Complaint, pursuant to 28 U.S.C. § 1367(a), because all of Plaintiff's claims are so related that they form part of the same case or controversy.

## DIVERSITY OF CITIZENSHIP

**A. The Parties Are Diverse**

13. Diversity jurisdiction under 28 U.S.C. § 1332(a)(1) requires the plaintiff's citizenship be diverse from the citizenship of the defendants.

14.     Plaintiff alleges that it is incorporated under the laws of the State of Indiana with its principal place of business in Indiana. *See* Complaint at ¶ 1.  Thus, for citizenship purposes, Plaintiff is a citizen of Indiana.  *See* 28 U.S.C. § 1332(c)(1).

15.     Defendant Twitter is incorporated under the laws of the State of Delaware with its principal place of business in California. Thus, for citizenship purposes, Twitter is a citizen of both Delaware and California.  *See* 28 U.S.C. § 1332(c)(1).

16.     Defendants "John Doe Defendants 1-5 Company" have been sued under fictitious names, and thus their citizenship is disregarded for purposes of diversity pursuant to 28 U.S.C. § 1441(b)(1).

17.     Diversity of citizenship is therefore present in this case because Plaintiff is a citizen of Indiana, and Defendant Twitter is a citizen of Delaware and California.

**B.     The Amount in Controversy Threshold Is Met**

18.     Diversity jurisdiction pursuant to 28 U.S.C. § 1332(a) also requires the amount in controversy, exclusive of interest and costs, be in excess of $75,000.

19.     Although Defendant strongly contests liability and does not believe Plaintiff is entitled to any relief whatsoever, Defendant has a good faith belief that the jurisdictional amount in controversy exceeds $75,000 based upon Plaintiff's allegations for "all damages" allowed by the applicable statutes (Complaint at 13), which can include actual damages, treble damages, punitive damages, statutory damages and attorneys' fees, as well as injunctive relief.  Plaintiff's prayer for relief does not set forth a specific amount of damages sought.  Instead, it seeks "[a]n award of all damages owed to [Plaintiff] as prescribed by the Indiana Right of Publicity Statute, the Lanham Act, and Indiana statute," as well as "[a]n award of damages, including but not necessarily limited to treble damages, costs, and attorney's fees as set forth in the applicable

statutes in an aggregate amount that is, as yet, undetermined, but which amount continues to accrue." Complaint at 13 (Prayer for Relief).

20.     In addition, Plaintiff's prayer for relief seeks injunctive relief, including "enjoining [Twitter] from future use of the Dean Intellectual Property" and an order directing Twitter to surrender "any and all merchandise, designs, plans, marketing materials, advertisements, conceptuals, etc. featuring the Dean Intellectual Property." *Id.*

21.     The Indiana Right of Publicity Statute, Ind. Code § 32-36-1-12(1) states that the prevailing party shall be awarded attorney's fees. *See also Oshana v. Coca-Cola Co.*, 472 F.3d 506 (7th Cir. 2006) (pre-removal attorney fees count towards the jurisdictional amount).

22.     Further, the Indiana Right of Publicity Statute, Ind. Code § 32-36-1-10(2) can allow for an award of punitive damages.  Indiana law provides punitive damages, where awarded, are allowed up to the greater of $50,000 or three times the amount of compensatory damages awarded for the predicate tort. Ind. Code § 34-51-3-4.

## CONCLUSION

23.     Because this Court may exercise original jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question), 28 U.S.C. § 1367(a) (supplemental), and 28 U.S.C. § 1332 (diversity of citizenship), removal is proper pursuant to 28 U.S.C. § 1441(a).

24.     Upon receiving a file-marked copy of this Notice of Removal, Twitter will serve a file-marked copy of this Notice of Removal upon counsel for Plaintiff and file a copy of this Notice of Removal with the Clerk of the Superior Court of Hamilton County, Indiana.

25.     The Notice of Removal is timely filed under 28 U.S.C. § 1446(b) because Twitter was served on January 8, 2014, and is filing this Notice of Removal within thirty (30) days of service.

26.     This Notice of Removal is filed in the District Court of the United States for the district and division in which the case is pending.

27.     Twitter has given the undersigned attorneys authority to sign and file this Notice of Removal.

WHEREFORE, Defendant Twitter, Inc. respectfully requests that the action captioned as *James Dean, Inc. v. Twitter, Inc. and John Doe Defendants 1-5 Company*, Case No. 29D01-1213-CC-12060, pending in the Superior Court of the County of Hamilton, Indiana, be removed to this Court, and that this Court exercise its subject-matter jurisdiction over this action, and for such other relief as the Court may deem just and proper.

Respectfully submitted,

THOMPSON COBURN LLP

By     */s/ Matthew S. Johns*
Matthew S. Johns, IN - 28620-49
55 East Monroe Street
37th Floor
Chicago, Illinois 60603
312-346-7500
FAX 312-580-2201
mjohns@thompsoncoburn.com

Mark Sableman
Anthony Blum
One US Bank Plaza
St. Louis, Missouri  63101
314-552-6000
FAX 314-552-7000
msableman@thompsoncoburn.com
ablum@thompsoncoburn.com

Attorneys for Twitter, Inc.

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a true copy of the foregoing was filed electronically with the Clerk of the Court to be served via operation of the Court's electronic filing system and via U.S. Mail, first class, postage prepaid, on this 7th day of February, 2014, to the following:

Theodore J. Minch
10500 Crosspoint Boulevard
Indianapolis, Indiana 46256

Attorney for Plaintiff

<em>/s/ Matthew S. Johns</em>